```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| ERIC K. DAWKINS, JR.,           | No. 18-cv-11174 (NLH) (JS) |
|---------------------------------|----------------------------|
|        Plaintiff,               |                            |
|   v.                            | OPINION                    |
| OFFICE OF THE ATTORNEY GENERAL, |                            |
| et al.,                         |                            |
|        Defendants.              |                            |

APPEARANCES:

Eric K. Dawkins, Jr., No. 48710
Cumberland County Courthouse
54 West Broad Street
Bridgeton, NJ 08302
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Eric K. Dawkins, Jr., a prisoner presently confined at the Cumberland County Department of Corrections in Bridgeton, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against the Office of the Attorney General of New Jersey, the Cumberland County Courthouse, the Director of the Division of Criminal Justice, the Bridgeton State Police Department, and Christopher S. Porrino, former Attorney General. See ECF No. 1.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks

1

monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend granted. 28 U.S.C. § 1915(e)(2)(b)(ii).

BACKGROUND

Plaintiff lists as defendants in the caption of the Complaint the Office of the Attorney General of New Jersey, the Cumberland County Courthouse, the Director of the Division of Criminal Justice, the Bridgeton State Police Department, and Christopher S. Porrino, the now former state Attorney General. See ECF No. 1. The sole allegation of the Complaint is that

> Each defendant directly, indirectly, administrative and judicially deprive me of life, liberty, and pursuit of happiness by conspiring together to keep me unlawful incarcerated. Each defendant utilized their positions to advocate and perpetuate wrongful imprisonment. I have been subjected to post dramatic stress, anxiety, frustration, poor medical treatment, and loss custody of my sons while involuntarily incarcerated at the Cumberland County Jail. All above parties indirectly, directly, administratively, judicially deliberately created [illegible] tort against me real party of interest cruelly.

ECF No. 1 at 4. As for relief, Plaintiff requests $1,500,000, release from the Cumberland County Department of Corrections, and bail reform. Id. at 5.

STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in

forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis.  See ECF No. 2 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.  In order to state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must

3

show that "'(1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008) (quoting Robb v. City of Phila., 733 F.2d 286, 290-91 (3d Cir. 1984)).

Defendants the Office of the Attorney General of New Jersey, the Cumberland County Courthouse, the Director of the Division of Criminal Justice, and the Bridgeton State Police Department must be dismissed with prejudice because they are not "persons" within the meaning of 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (state agencies not subject to suit under § 1983); Carroway v. New Jersey, 202 F. App'x 564, 565 (3d Cir. 2006) (noting that New Jersey county courts are not subject to suit under § 1983); Grabow v. S. State Corr. Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (noting that state department of corrections and state prison facilities are not "persons" under § 1983).

To the extent that Plaintiff intends to state a claim against the Cumberland County Department of Corrections, where he is presently housed, such a claim would also fail because it, too, is not subject to suit under § 1983. See Barrett v. Essex Cty. Corr. Facility, No. 15-595, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015) ("A county jail . . . is not a person subject to

4

suit under § 1983."); Ingram v. Atl. Cty. Justice Facility, No. 10-1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011) (county jail is not a person under § 1983). See Slagle v. Cty. of Clarion, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (observing that the district court dismissed a county jail as a defendant because it is not a "person" under federal civil rights law).

Finally, Plaintiff also fails to state a claim against the Attorney General of New Jersey. For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). There are no allegations as to personal involvement by the Attorney General.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to cure his pleading deficiencies as described supra.

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted. An appropriate order follows.


Dated: December 4, 2018                  s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.